**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 12, 2017
Date Decided: July 31, 2017

Michael Hanrahan, Esquire
Paul A. Fioravanti, Jr., Esquire
Samuel L. Closic, Esquire
Eric J. Juray, Esquire
Prickett, Jones & Elliott, P.A.
1310 North King Street
Wilmington, DE 19801

Rolin P. Bissell, Esquire
Elena C. Norman, Esquire
Tammy L. Mercer, Esquire
Benjamin M. Potts, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801

David E. Ross, Esquire
John A. Eakins, Esquire
Ross Aronstam & Moritz LLP
100 South West Street
Wilmington, DE 19801

Re:   *In Re Energy Transfer Equity L.P. Unitholder Litigation*,
Consolidated Civil Action No. 12197-VCG

Dear Counsel:

This letter addresses the two issues that the parties identified as outstanding following my Memorandum Opinion of February 28, 2017 on the parties' cross motions for partial summary judgment. The underlying dispute arises from the Defendants' participation in an alleged discriminatory and self-dealing transaction.[1]

---

[1] Defined terms in this letter have the same meaning assigned to them in the Memorandum Opinion issued on the parties' cross-motions. The Memorandum Opinion can be referenced for a detailed recitation of the parties' dispute. *See In Re Energy Transfer Equity L.P. Unitholder Litigation*, 2017 WL 782495 (Del. Ch. Feb. 28, 2017).

After review of the parties' supplemental submissions, including Plaintiffs' final submission of May 12, 2017, I find that summary judgment with respect to the remaining issues is properly denied because a full record would assist the Court in reaching an appropriate decision.[2] I note that this case is proceeding shortly to a trial that, regardless of my decision here, will require resolution of various legal and factual disputes arising out of several intertwined provisions of the applicable LPA.

First, the Defendants seek via summary judgment, essentially, a declaration that failure to receive Special Approval for a conflicted transaction, under a safe harbor provision of the LPA, is not, in and of itself, a breach of the LPA. They point out that, generally, optional safe harbors are just that: optional, not mandatory, contractual provisions. Failure to pursue such options, accordingly, is of itself not typically a breach. The specific factual situation here, however, includes both the Defendants' affirmative undertaking to seek safe harbor and certain other provisions of the LPA that cross-reference, and potentially trigger, according to the Plaintiffs, an obligation to conform to the safe harbor provision. Importantly, the Defendants contend that they *did* comply with the Special Approval process of the safe harbor provision, Section 7.9 of the LPA. Such considerations weigh in favor of declining

---

[2] *See In re El Paso Pipeline Partners, L.P. Derivative Litig.*, 2014 WL 2768782, at *8–9 (Del. Ch. June 12, 2014) (explaining that there is no "right" to summary judgment and that the Court may exercise its discretion to deny summary judgment when a more full record would be helpful to "clarify the law or its application") (citations omitted).

to issue the Defendants' desired pronouncement here. If the Defendants are correct that they complied with Section 7.9, the declaration they seek would be advisory. Moreover, to the extent the issue must be resolved, the effect of failure to receive Special Approval under this unique contract is best decided on a full factual record where the alleged interrelation of the provisions and proven facts at trial can be decided and interpreted in harmony.

Second, the Defendants' request to dismiss the Unitholder Defendants as non-parties to the LPA is also denied. The Defendants point out that the Plaintiffs' theory is contractual breach; the Defendants argue that the Unitholder Defendants are not bound by the LPA as a matter of law. The Plaintiffs allege the Unitholder Defendants were not passive recipients but rather active participants in the alleged improper issuance, and point to language in the LPA under which, in their view, contractual liability does attach to the Unitholder Defendants under the facts they intend to prove at trial.[3] I also note that these individuals received the bulk (over 85%) of the purported improper issuance, and rescissory damages and similar equitable relief is sought here. To preserve my ability to grant full relief, whether it is contractual or equitable, and in light of the controlling language of this LPA and facts of this case, decision on this issue is also inappropriate, I believe, sans a full record.

---

[3] *See, e.g.*, Pls' Answering Br. 39–44.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III